IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRIS HORSEMAN, | : CIVIL ACTION NO. 1:22-CV-336 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| | : |
| CORRECTIONAL OFFICER WALTON, | : |
| Defendant | : |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Chris Horseman, who is incarcerated in Frackville State Correctional Institution ("SCI-Frackville"), alleges that defendant, a correctional officer employed in the prison, violated his civil rights and committed various state torts when he punched him in the head and pushed him against the wall of his cell. Defendant has moved to dismiss. The motion will be granted in part and denied in part.

I.  **Factual Background & Procedural History**

According to the complaint, Horseman was in his cell on December 8, 2021, when his cellmate was being escorted back to the cell from the prison's shower facilities. (Id. at 4). When the officers escorting the cellmate arrived at the cell, Horseman told them that he would not consent to be handcuffed because he did not want to share a cell with the cellmate due to a "problem" between them. (Id.) Defendant, correctional officer Walton, purportedly opened the cell door, punched Horseman in the head, pushed him against the back wall of the cell, and stated, "I'll

fuck you up if you don't stop your shit and walk out." (Id.)  Horseman allegedly suffered injuries to his head and back. (Id.)

The complaint asserts a cause of action for excessive force in violation of the Eighth Amendment and various claims under Pennsylvania law, including assault, battery, violation of Pennsylvania Department of Corrections ("DOC") regulations, conversion, and intentional infliction of emotional distress. (Id. at 5-7). Walton, the sole defendant, is sued in his individual and official capacities. Horseman raises the claims pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"). (Id. at 1). He seeks damages, declaratory relief, and injunctive relief. (Id. at 7).

We dismissed the FTCA claim with prejudice on April 20, 2022, but otherwise ordered the Clerk of Court to serve Walton with the complaint. (Doc. 7). Walton moved to dismiss the complaint on June 22, 2022. (Doc. 12). Walton raises three arguments for dismissal: (1) that Horseman's official capacity claims are barred by the Eleventh Amendment; (2) that Horseman's state law claims are barred by sovereign immunity; and (3) that the complaint fails to state a claim upon which relief may be granted. (Doc. 13). Horseman has not opposed the motion, and the deadline for doing so has expired under the Local Rules. We address Walton's arguments for dismissal below.

## II. **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[]

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Discussion

Horseman brings his constitutional claim under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

At the outset, we will dismiss Horseman's requests for declaratory and injunctive relief for lack of subject matter jurisdiction. Claims for declaratory and injunctive relief are prospective in nature; plaintiffs must show they are "likely to suffer future injury" to obtain such relief. Yaw v. Del. River Basin Comm'n, 49 F.4th 302, 317-18 (3d Cir. 2022). Plaintiffs do not have standing to seek declaratory or injunctive relief for claims based solely on past injuries. Id. Horseman does not

4

allege any future injury or ongoing conduct that could support declaratory or injunctive relief. Rather, his claim is exclusively based on the alleged assault by Walton. Hence, he does not have standing to obtain declaratory or injunctive relief and the claims will be dismissed. See id. at 317-18.

We will dismiss Horseman's official capacity claims because they are barred by the Eleventh Amendment. DOC employees sued in their official capacities are entitled to sovereign immunity under the Eleventh Amendment from claims for damages brought pursuant to Section 1983. Downey v. Pa. Dep't of Corrs., 968 F.3d 299, 310-11 (3d Cir. 2020).

Walton is also entitled to sovereign immunity with respect to Horseman's state law claims. Pennsylvania law provides that commonwealth employees acting within the scope of their employment are entitled to sovereign immunity in both their official and individual capacities from most state law claims. See Pa.C.S. § 2310. There are ten recognized exceptions in which the Commonwealth has waived sovereign immunity, see 42 Pa.C.S. § 8522, but commonwealth employees retain their sovereign immunity with respect to intentional tort claims. See Mitchell v. Luckenbill, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010) (citing Holt v. Nw. Pa. Training P'Ship Consortium, Inc., 694 A.2d 1134, 1139 (Pa. Commw. Ct. 1997)); accord Fennell v. Wetzel, No. 4:21-CV-1717, 2023 WL 1456288, at *7 (M.D. Pa. Feb. 1, 2023) (Brann, C.J.); Nealman v. Laughlin, No. 1:15-CV-1579, 2016 WL 4539203, at *12 (M.D. Pa. Aug. 31, 2016) (Conner, C.J.). Similarly, Pennsylvania has not waived sovereign immunity for claims alleging violations of DOC policies. See 42 Pa.C.S. § 8522; see also Pizarro v. Wetzel, No. 3:20-CV-511, 2021 WL 4860774, at *9 (M.D. Pa.

Oct. 19, 2021) (finding that defendant prison officials were entitled to sovereign immunity as to claim that they violated DOC policy). Horseman's state law claims for assault, battery, conversion, intentional infliction of emotional distress and violation of DOC policies are accordingly barred by sovereign immunity.

Finally, we find the complaint adequately pleads an excessive force claim. Excessive force claims require allegations that force was applied "maliciously and sadistically for the very purpose of causing harm." Jacobs v. Cumberland Cty., 8 F.4th 187, 193 (3d Cir. 2021) (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). Courts must consider whether force was "applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). several factors inform this analysis, including:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response.

Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002) (quoting Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000)). Horseman alleges that in response to his refusal to be handcuffed, Walton punched him in the head and pushed him against the wall of his cell. We find these factual allegations sufficient to state an excessive force claim.

Walton argues the excessive force claim should be dismissed because force was necessary to respond to Horseman's refusal to be handcuffed and that the amount of force used was justified in light of the circumstances. (Doc. 13 at 11-13). We are unpersuaded. Although some amount of force may have been necessary to

6

obtain physical control of Horseman, the complaint plausibly alleges that the amount of force used—punching Horseman in the head and pushing him against a wall—was excessive in relation to that necessity.

Walton additionally argues that Horseman's alleged injuries are *de minimis* and do not give rise to a plausible excessive force claim. (Doc. 13 at 15-16). This argument is unavailing. The question of whether force is excessive under the Eighth Amendment is "driven by the extent of the force and the circumstances in which it is applied; not by the resulting injuries." Smith, 293 F.3d at 648. Horseman has plausibly alleged that Walton used excessive force. We will not dismiss the claim based solely on the complaint's failure to allege that the force caused him serious injury. In sum, we will allow Horseman's excessive force claim to proceed but dismiss the complaint in all other respects.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We find that amendment of the dismissed claims would be futile: Horseman does not have standing to seek declaratory and injunctive relief, and Walton is entitled to sovereign immunity with respect to Horseman's official capacity and state law claims. Hence, we will deny leave to amend.

**IV.     Conclusion**

      We will grant in part and deny in part Walton's motion to dismiss (Doc. 12). An appropriate order shall issue.

                                        /S/ CHRISTOPHER C. CONNER
                                        Christopher C. Conner
                                        United States District Judge
                                        Middle District of Pennsylvania

Dated:     February 9, 2023