IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRIS HORSEMAN,** | : | **CIVIL ACTION NO. 1:22-CV-336** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **CORRECTIONAL OFFICER WALTON,** | : | |
| | : | |
| **Defendant** | : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Chris Horseman, who was formerly incarcerated in Frackville State Correctional Institution ("SCI-Frackville"), alleges that defendant, a correctional officer employed in the prison, violated his civil rights and committed various state torts when he punched him in the head and pushed him against the wall of his cell. The court issued an order requiring Horseman to show cause as to why the case should not be dismissed for failure to prosecute based on his failure to update his mailing address after being released from custody. Horseman has not responded to the order. We will accordingly dismiss the case with prejudice for Horseman's failure to prosecute.

**I.      Factual Background & Procedural History**

Horseman filed his complaint on March 7, 2022. (Doc. 1). According to the complaint, Horseman was in his cell on December 8, 2021, when his cellmate was being escorted back to the cell from the prison's shower facilities. (Id. at 4). When the officers escorting the cellmate arrived at the cell, Horseman told them that he

would not consent to be handcuffed because he did not want to share a cell with the cellmate due to a "problem" between them. (Id.) Defendant, correctional officer Walton, purportedly opened the cell door, punched Horseman in the head, pushed him against the back wall of the cell, and stated, "I'll fuck you up if you don't stop your shit and walk out." (Id.) Horseman allegedly suffered injuries to his head and back. (Id.)

The complaint asserts a cause of action for excessive force in violation of the Eighth Amendment and various claims under Pennsylvania law, including assault, battery, violation of Pennsylvania Department of Corrections ("DOC") regulations, conversion, and intentional infliction of emotional distress against Walton pursuant to Section 1983 and the Federal Tort Claims Act ("FTCA"). (Id. at 5-7). We dismissed the FTCA claim with prejudice on April 20, 2022, but otherwise ordered the Clerk of Court to serve Walton with the complaint. (Doc. 7).

Walton moved to dismiss the complaint on June 22, 2022. (Doc. 12). We granted the motion in part and denied it in part on February 9, 2023, dismissing all claims other than Horseman's excessive force claim. (Docs. 22-23). Walton then answered the complaint and moved for judgment on the pleadings on September 12, 2023. (Docs. 25, 27).

Mail to Horseman was returned to the court as undeliverable on October 18, 2023. (Doc. 30). On October 19, 2023, we directed Horseman to update his mailing address on or before November 2, 2023, and stated that if he failed to do so we would order him to show cause as to why the case should not be dismissed for failure to prosecute. (Doc. 31). Horseman did not respond, and mail to him was

again returned as undeliverable. (Docs. 34-35). We accordingly issued an order on November 3, 2023, requiring Horseman to show cause on or before November 17, 2023 as to why the case should not be dismissed for failure to prosecute. (Doc. 36). He again failed to respond, and mail to him was returned as undeliverable. (Doc. 37). The court has not received any communication or filing from Horseman since October 25, 2022, a span of over a year. (See Doc. 21).

**II.     Discussion**

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." Fed. R. Civ. P. 41(b). District courts have the inherent power to dismiss an action *sua sponte* for failure to prosecute. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). When determining whether to dismiss a case for failure to prosecute under Rule 41(b), the court must balance the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the Poulis factors must be satisfied in order for a court to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

We find that the first three Poulis factors weigh in favor of dismissing this case for failure to prosecute. First, because Horseman is proceeding *pro se*, he is personally responsible for his failure to comply with the court's orders requiring

3

him to update his address.  Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002). Second, Horseman's failure to update his address causes prejudice to defendants by delaying resolution of the case.  Manuel v. Harry, No. 1:20-CV-2309, 2021 WL 602723, at *2 (M.D. Pa. Feb. 16, 2021).  Third, Horseman has shown a history of dilatoriness by failing to comply with multiple orders requiring him to update his address.  Id.  This failure to comply with court orders demonstrates an intention to discontinue this litigation.  Id.

The court finds that the fourth and fifth Poulis factors—whether Horseman's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal—also weigh in favor of dismissal.  First, his failure to abide by court orders demonstrates a willful disregard for procedural rules and court directives. Second, because he has not communicated with the court in any manner in over a year, the court is without any viable alternative to dismissal.

The sixth factor, the meritoriousness of Horseman's claims, weighs against dismissal.  Horseman's excessive force claim survived Walton's motion to dismiss. (See Docs. 22-23).  Thus, there is sufficient merit to Horseman's claims for this case to proceed to discovery.

Upon balancing the Poulis factors, we find that dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) is warranted. In light of Horseman's failures to comply with court orders and silence for over a year, we will dismiss this action with prejudice.  See Hamer v. LivaNova Deutschland GmbH, 994 F.3d 173, 177 n.3 (3d Cir. 2021) (noting that "[d]istrict courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to

4

dismiss claims with prejudice for failure to comply with a court order"). Having done so, we will deny Walton's motion for judgment on the pleadings without prejudice as moot.

### III.   Conclusion

We will dismiss this case with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and deny defendant's motion for judgment on the pleadings as moot. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   November 22, 2023